*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re MILLER, Minors.

UNPUBLISHED
October 19, 2023

No. 365297
Genesee Circuit Court
Family Division
LC No. 10-127138-NA

Before: K. F. KELLY, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

Respondent-mother appeals as of right the order authorizing the petition and exercising jurisdiction over the minor children, JTM and JAM. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In September 2022, the Department of Health and Human Services (DHHS) filed a petition to remove the children from respondent-mother's care. According to DHHS, respondent-mother was frequently intoxicated and, while in this state, she kicked the children out of the house. The children phoned a family friend who allowed the children to stay in her home. The trial court authorized the petition after hearing testimony about these circumstances. This appeal followed.

## II. JURISDICTION

Respondent-mother argues the trial court erred when it found statutory grounds for jurisdiction. Specifically, she believes there was no evidence she failed to provide the children proper care and custody. We disagree.

## A. STANDARD OF REVIEW

"Whether a trial court can assert jurisdiction over a child protective proceeding is a question of law we review de novo." *In re Hull*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 361537); slip op at 3. A trial court's decision to exercise jurisdiction is reviewed for clear error. *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*.

-1-

at 296-297. Questions of statutory interpretation are reviewed de novo. *In re Hull*, ___ Mich App at ___; slip op at 3.

> When interpreting statutes, our primary task is to discern and give effect to the intent of the Legislature. To accomplish that task, we begin by examining the language of the statute itself. If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. [*In re COH, ERH, JRG, & KBH*, 495 Mich 184, 195; 848 NW2d 107 (2014) (alterations, quotation marks, and citations omitted).]

## B. ANALYSIS

MCL 712A.2(b) governs a court's jurisdiction in child protection proceedings. The statute states, in relevant part:

> Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:

> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship.

In finding statutory grounds for jurisdiction, the trial court stated:

The testimony was that she has taken approximately $5,000 from [JTM] but still owes $9,000 to Consumers. So it renders the home environment an unfit place by reason of neglect, cruelty, or drunkenness and criminality I believe. It's created an unfit home environment for the children.

> I believe that she has neglected or refused to provide the proper and necessary support, education, or other care necessary.

> I believe that she's also subjected the children to a substantial risk of harm based upon her, her alcoholism and her refusal to care for the children and she kicked them out of the house. And also just her alcoholism has rendered her an unfit parent. She is unable to provide for them appropriately.

> As I believe that the agency has shown this by a preponderance of the evidence, so DHHS has met its burden, the Court is going to assume jurisdiction over [respondent-mother] at this point in time.

According to respondent-mother, the trial court erred in exercising jurisdiction under MCL 712A.2(b). She asserts the children were not without proper custody because they were staying with a family friend. Respondent-mother misunderstands MCL 712A.2(b).

This statute uses the word "or" to describe the various circumstances in which a trial court may find grounds for jurisdiction. Thus, the Legislature plainly intended that jurisdiction need only be found in one of the circumstances cited in MCL 712A.2(b). The trial court noted several grounds for jurisdiction, but did not include a finding respondent-mother left the children without "proper custody or guardianship." Even so, respondent-mother's argument on appeal only challenges that portion of the statute. She does not explain why the trial court erred with regard to the other grounds for jurisdiction cited in its findings. Because grounds for jurisdiction may be found on a variety of grounds, and respondent-mother does not specifically challenge the cited grounds for jurisdiction, there is no basis for this Court to reverse the trial court's exercise of jurisdiction.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Kathleen Jansen
/s/ Thomas C. Cameron